CHARLES E. HODKINS et al., Respondents, v. ARCH McDONALD, Appellant.

Kansas City Court of Appeals, March 4, 1907.

MUNICIPAL CORPORATIONS: Licensing Tax: Theatrical Exhibitions: Statutory Construction. Under section 10054, Revised Statutes 1899, county courts cannot levy a license tax on theatrical performances had in opera houses in such county or its villages or cities of the third or fourth class or specially chartered cities having less than 5,000 inhabitants.

Appeal from Jasper Circuit Court.—*Hon. Howard Gray,* Judge.

AFFIRMED.

*McReynolds & Halliburton* for appellant.

(1)   We contend that a proper reading of the statute is that the county is prohibited from taxing the performance held in an opera house in any of these cities having less than five thousand inhabitants.   An examination of the punctuation shows that the words "And having less than five thousand inhabitants" applies to all cities mentioned.   Again there is no more reason for applying the 5,000 inhabitants to cities under special charters than to the other cities.   In 1885 there were cities of the third class and possibly of the fourth class and cities under special charters having more than 5,000 inhabitants and also having less.   For instance, under special charters with more, were Louisiana, Hannibal, Joplin and others.   Cities of the third class with more than 5,000, Carthage, Springfield, Sedalia and others. (2)   Our contention is that the statute has been so construed and held to be a limitation on section 10051, in cities of the third and fourth class having a population of less than 5,000, and we think the question settled. Negrotto v. Monett, 119 Mo. App. 286.

*Grayston & Graham* for respondent.

(1) The grammatical construction of section 10054 can scarcely admit of the construction of the statute given by the appellant. (2) Effect must, if possible, be given to every clause. An interpretation which will render a clause nugatory will be discarded. Lamar W. and E. L. Co. v. Lamar, 128 Mo. 188. (3) A construction should not be adopted which will render meaningless any of the provisions of the law. State ex rel. v. Hostetter, 137 Mo. 636.

ELLISON, J.—The plaintiff is the proprietor of an opera house in Joplin, a city of the third class, in Jasper county, and the defendant is the constable of Galena township in which the city of Joplin is situated. The county court of Jasper county by an order of record levied a license tax on theatrical and minstrel performances in opera houses. And this proceeding is to prevent the defendant, as such officer, from collecting such license or tax from plaintiff. The trial court ruled that the tax could not be collected.

The statute (section 10051, Revised Statutes 1899) authorized the county courts of the several counties in the State to levy and collect "such tax as they may deem proper and reasonable upon all public theatrical and minstrel performances, shows and circuses, or any other public exhibition in said several counties: Provided that nothing in this section shall be so construed as to apply to any educational, religious or charitable exhibition." Sections 10052 and 10053 authorize the constable, on obtaining a copy of the order, to collect the tax. Section 10054 provides that the tax authorized in the several counties by section 10051, shall not be collected from performances in opera houses in certain villages and cities. It reads as follows:

"No license or other tax shall be levied or collected

McCauley v. Brady.

by any county, village or city of the third or fourth class, or in cities under special charters, and having less than five thousand inhabitants, upon any theatrical or minstrel performance when held in any opera house in any village or city of the third or fourth class, or in cities under special charters, and having less than five thousand inhabitants in this State."

The defendant claims that Joplin, being a city of the third class and containing more than five thousand inhabitants, does not fall within the prohibition of section 10054, and that the county court is not prevented by that section from taxing theatrical performances in opera houses under the general authority contained in section 10051. His contention being that the clause, "having less than five thousand inhabitants," does not apply alone to cities with special charters, but that it also limits the other clause, "cities of the third or fourth class." In that manner, he fixes cities of the third class, having more than five thousand population, as not being affected by section 10054.

We have concluded that is not a proper construction. In our opinion the act covers five classes, viz., counties, villages, cities of the third class, cities of the fourth class and special charter cities which have less than five thousand inhabitants. Neither of these classes can impose the tax upon a theatrical or minstrel performance which is had in an opera house in any such village or city. We think it ought not to be said that the clause, "and having less than five thousand inhabitants," reaches any further back in the sentence than the words, "or in cities under special charters," which immediately precede that clause. If it goes further and qualifies or limits other clauses, it would apply to counties and villages which, of course, was not intended. We think, as we have stated, that the natural meaning of the clause is only to limit the clause immediately preceding,

"or in cities under special charters," and the trial judge gave a proper interpretation to the statute.

It follows that the judgment should be affirmed. All concur.